IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES PRIMOUS,

    Petitioner,

v.                                                              CASE NO. 1:19-cv-77-AW-GRJ

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case on April 22, 2019, when he filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1.  Petitioner, however, is not in federal or state custody, nor was he in custody at the time this case was filed.  Petitioner attempts to challenge his 2017 convictions in Levy County for the possession and sale of cocaine.  Despite affording Petitioner with ample opportunity to amend his pleading, which the Court construed as a petition for federal habeas review of his state conviction under 28 U.S.C. § 2254, Petitioner has failed to do so, thus warranting dismissal.

## DISCUSSION

Petitioner's pleading suffers from numerous defects.  As explained above, Petitioner failed to use this Court's approved form for a petition for habeas corpus under 28 U.S.C. § 2254.  Pursuant to Northern District of Florida Local Rule 5.7(A), "the Court need not – and ordinarily will not – consider a petition, motion, or complaint that is not filed on the proper form."  In addition to failing to use the Court's form, Petitioner failed to either pay the $5.00 filing fee or file a motion for leave to proceed as a pauper.  Pursuant to Local Rule 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."  This case is no exception.

On May 28, 2019, this Court entered an order explaining these deficiencies and ordering Petitioner to file an amended petition on the approved form and to either pay the filing fee or file a motion to proceed as a pauper by June 28, 2019.  Petitioner failed to act accordingly.  On October 7, 2019, the Court issued an order requiring Petitioner to show cause by November 6, 2019, as to why this case should not be dismissed for failure to comply with the Court's May 28, 2019, order.  As of this date, Petitioner has not responded to the October 7, 2019, order.


Petitioner has failed to comply with two of this Court's orders and, thus, appears to have abandoned the prosecution of this case. This case is therefore due to be dismissed. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (holding a district court may *sua sponte* dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) when the plaintiff fails to prosecute or comply with a court order).

Dismissal of Petitioner's pleading is also appropriate because it appears this Court lacks jurisdiction over a habeas corpus petition challenging Petitioner's 2017 Levy County convictions. Section 2254 limits federal habeas relief to a petitioner who is "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also* 28 U.S.C. § 2254. This limitation is jurisdictional. In other words, "federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence." *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

According to the website for the Florida Department of Corrections ("DOC"), Petitioner served his sentence for Levy County Case No.

1500420, and was released from DOC custody on September 25, 2018. Petitioner filed the instant case on April 22, 2019. ECF No. 1. It also bears mentioning that this Court's docket reflects Petitioner mailed his pleading from a residence in Williston, Fla., not a DOC facility. *Id.* at 8. The instant pleading is further due to be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1, construed as a petition for habeas corpus under 28 U.S.C. § 2254, should be **DISMISSED** for failure to prosecute, failure to comply with a court order, and lack of jurisdiction.

**IN CHAMBERS** this 7th day of November 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.